UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00189-GNS-HBB

PEGGY CLARK                                    PLAINTIFF

v.

KROGER LIMITED PARTNERSHIP I
KROGER LIMITED PARTNERSHIP II
KRGP, INC.
THE KROGER COMPANY                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Remand to State Court (DN 9) filed by Plaintiff Peggy Clark ("Clark"). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the Court **GRANTS** the motion.

### I. BACKGROUND

This action is brought to recover for injuries allegedly sustained by Clark in a slip and fall at Defendants' Paducah store. (Compl. ¶¶ 8-9). Clark sent a pre-litigation settlement demand to Defendants for $208,968.27 on May 1, 2015. (Defs.' Resp. to Pl.'s Mot. to Remand to State Court 2, DN 11 [hereinafter Defs.' Resp.]). Clark filed her Complaint in McCracken Circuit Court on June 18, 2015, and Defendants were served on June 26, 2015. (Defs.' Resp. 1). In accordance with Kentucky Rule of Civil Procedure ("CR") 8.01(2), Clark's Complaint did not specifically allege any amount of damages. (Defs.' Resp. 1).

When Clark did not respond timely respond to requests for admissions that her damages exceeded $75,000, Defendants then assumed Clark was claiming damages in excess of $75,000

and filed a petition for removal with this Court on or about August 21, 2015. (Defs.' Resp. 1-2). Clark subsequently filed the motion at issue.

## II. STANDARD OF REVIEW

Removal is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). A case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. After the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c). Further, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen in Right of Province of Ont. v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citation omitted).

## III. DISCUSSION

The issue before the Court is when it first became ascertainable to Defendants that this case could be removed and whether pre-litigation communications are a relevant consideration. In *Mozee v. Dugger*, 616 F. Supp. 2d 672 (W.D. Ky. 2009), this Court considered what impact pre-litigation communications between parties had in triggering the duty to remove a case upon filing. This Court stated:

> The removal statutes are strictly construed so that § 1446(b) commences the thirty-day period from the date a defendant has solid and unambiguous information that a case is removable. Several other Kentucky federal judges have considered whether pre-complaint conversations and a defendant's actual knowledge are relevant to the question of the amount likely at issue. Both Judges Hood and McKinley reached the logical conclusion that one must consider a defendant's actual knowledge to determine when the thirty-day period commences. The Court agrees with their general view. A defendant's actual knowledge of facts is important as to whether the case is removable based upon the initial pleading. Any direct written communication or pleading can add an

2

> important factual context. On the other hand, the Court does not sanction any effort to determine whether a defendant should have or could have inquired more diligently into unknown facts. This is not required.

*Id.* at 673-74 (citations omitted). Thus, even when the amount in controversy is not clear from the face of the complaint, a party's knowledge of alleged damages obtained through pre-litigation communications is relevant in determining whether sufficient notice for removal existed. *See id.* at 674. *See also Cent. Iowa Agri-Sys. v. Old Heritage Advert. & Publishers, Inc.*, 727 F. Supp. 1304, 1305 (S.D. Iowa 1989) (concluding a pre-litigation letter was sufficient to inform the defendant that the case could be removed).

In this case, the pre-litigation communications between the parties placed Defendants on notice that the case, once filed, met the minimum threshold for federal diversity jurisdiction. Defendants admit to having substantial notice that the claim was valued at more than $75,000 and state they were aware Clark had incurred $45,497.12 in medical expenses before suit was filed.[1] (Def.'s Resp. 1). Given that the Complaint also asserted claims for future pain and suffering, and actual damages in addition to the known medical expenses, Defendants had notice that the claim may exceed $75,000. When coupled with Plaintiff's pre-litigation demand of over $200,000, Defendants were clearly placed on notice that Plaintiff's damages would exceed the

---

[1] Defendants essentially concede notice by stating that "[a]lthough the defendant anticipated the plaintiff would assert damages in excess of Seventy Five Thousand Dollars ($75,000.00), there was no way to know with absolute[] certain[ty]." (Defs.' Resp. 1). Absolute certainty is not the correct standard here. Both the Sixth Circuit and this Court have held that establishing the amount in controversy requirement is a minimal burden. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (concluding "preponderance of the evidence" or "more likely than not" is the appropriate standard), *abrogated on other grounds by Hertz v. Friend*, 559 U.S. 77 (2010); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (finding that removability was based on a "fair reading" of plaintiff's complaint supporting a claim in excess of the jurisdictional minimum); *Hunt v. Walter A. Smith Enters.*, No. 5:14-CV-00016-TBR, 2014 WL 991783, at *3 (W.D. Mar. 12, 2014) (whether settlement letter gave notice of the amount in controversy depended on whether letter was a "reasonable estimate" of plaintiff's claimed compensation). Therefore, a similar standard applies in determining when Defendants obtained notice that this action was removable.

removal threshold when they received the Complaint. (Pl.'s Mot. to Remand to State Court 2. Ex. A at 1-4, DN 9-2).

Defendants quote three cases from the Eastern District of Kentucky which they contend supports the proposition that the settlement letter was insufficient to provide notice: *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946 (E.D. Ky. 2010); *Smith v. Phillips & Jordan, Inc.*, No. 10-134-ART, 2011 WL 250435 (E.D. Ky. Jan. 24, 2011); and *King v. Household Finance Corp. II*, 593 F. Supp. 2d 958 (E.D. Ky. 2009). This matter, however, is distinguishable from the facts in each of those cases.

In both *May* and *Smith*, the court found that the amount in controversy could not be established where a demand letter does not state the amount in controversy or states an amount below the amount in controversy requirement. *May*, 751 F. Supp. 2d at 949 (demand claimed damages only within defendant's "liability limits"); *Smith*, 2011 WL 250435, at *1-2 (demand stated damages below the jurisdictional minimum). The court in *King* simply stated that speculation alone is insufficient to meet the amount in controversy requirement where there was no communication other than the complaint to establish the amount in controversy and the defendant's removal was based on pure speculation. *King*, 593 F. Supp. 2d at 961-63.

In this case, Defendants received a demand for settlement that far exceeded the jurisdictional minimum to meet the amount in controversy requirement. (Defs.' Resp. 2). In light of Clark's demand for over $200,000 just a few weeks before filing suit, Defendants had sufficient notice that the case was "more likely than not" removable at the time of service. *Gafford*, 997 F.2d at 158. Stated differently, in light of Defendants' knowledge of the outstanding medical bills and Plaintiff's pre-litigation demand, a fair reading of the Complaint put Defendants on notice that Plaintiff's claims exceeded $75,000. Since Defendants had notice

4

this case was removable at the time of service, but failed to remove this matter within thirty days, they have waived their right to remove this case. Therefore, the Court must grant Clark's motion to remand.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** the Motion to Remand to State Court (DN 9) filed by Plaintiff Peggy Clark is **GRANTED**. This case shall be **STRICKEN** from the Court's active docket.

**Greg N. Stivers, Judge**
**United States District Court**
December 3, 2015

cc: counsel of record